IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ramone Stephon Jones, | ) C/A No. 0:12-815-TLW-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Warden Atkinson, | ) |
| Respondent. | ) |

Petitioner Ramone Stephon Jones ("Petitioner"), a self-represented federal prisoner, filed this habeas action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at the Federal Correctional Institution in Edgefield, South Carolina. In his petition for habeas relief, Petitioner challenges a state conviction that was used to enhance the federal sentence he is currently serving. (ECF No. 1 at 2.) Petitioner claims his current incarceration violates his constitutional rights because he is factually innocent of the state conviction used to enhance his federal sentence. (Id. at 8-9.) Petitioner seeks to have his state conviction vacated and set aside. (Id. at 1.) Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner was convicted by a jury on multiple charges, including conspiracy to distribute controlled substances, money laundering and possession of firearms, in the United States District Court for the District of Maryland ("Sentencing Court"). He was sentenced on September 26, 2005 to three hundred months' imprisonment, with several

lesser concurrent sentences, as well as five years' imprisonment to run consecutively, followed by ten years' supervised release. United States v. Jones, 8:03-cr-00321-AW-3 (D.Md. July 9, 2003).¹ Petitioner filed a direct appeal, and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the sentencing court's judgment on July 13, 2007. United States v. Jones, No. 05-499, 2007 WL 2046735 (4th Cir. 2007). Petitioner's subsequent motion to vacate filed pursuant to 28 U.S.C. § 2255 was denied by the sentencing court on May 27, 2009. Jones v. United States, 8:08-cv-2210-AW (D.Md. Aug. 25, 2008). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal of the denial on October 22, 2009. United States v. Jones, 334 F. App'x 551, 2009 WL 3389404 (4th Cir. 2009). The United States Supreme Court denied his petition for writ of certiorari on February 22, 2010. Jones v. United States, No. 09-8639, 130 S. Ct. 1565 (2010) (mem.).

Petitioner is currently incarcerated within the jurisdiction of the District of South Carolina, and has filed a habeas petition pursuant to 28 U.S.C. § 2241 attacking a state court conviction that was used to enhance his current federal sentence.² Petitioner characterizes his petition as "a collateral proceeding in which the petitioner has completed the service of the sentence imposed and is seeking to have the conviction and sentence vacated and set aside." (ECF No. 1 at 2.) Prior to filing his § 2241 petition in this court,

---

¹ The court takes judicial notice of Petitioner's criminal proceedings. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").

² Petitioner is currently confined within the territorial jurisdiction of this court, and therefore this court has jurisdiction to address his habeas claims, provided they are properly raised under § 2241. See Rumsfeld v. Padilla, 542 U.S. 426, 434-45 (2004).



Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in the sentencing court seeking to vacate the same state court conviction imposed by the State of Maryland in 1997 that he seeks to vacate in his current § 2241 habeas petition. Jones v. Maryland, 8:11-cv-1107-AW (D.Md. April 27, 2011). Attached to Petitioner's § 2254 petition is the order of the Maryland state court, dated February 13, 2008, denying Petitioner's request for *coram nobis* relief in the state court. Id. The sentencing court dismissed Petitioner's § 2254 habeas petition for lack of jurisdiction because the state sentence had expired, and denied a certificate of appealability on June 30, 2011. Id. The Fourth Circuit dismissed Petitioner's appeal on November 18, 2011 as untimely filed. Jones v. Maryland, 454 F. App'x 220, 2011 WL 5822214 (4th Cir. 2011).

Petitioner filed his § 2241 petition in this case on March 19, 2012—the date received by prison officials. (ECF No. 1-2); see Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Petitioner seeks to have a state conviction, which was used to enhance his federal sentence, vacated pursuant to 28 U.S.C. § 2241. (ECF No. 1 at 2.) Petitioner claims his current incarceration violates his constitutional rights because he is factually innocent of the state conviction used to enhance his federal sentence. (Id. at 8-9.) Petitioner seeks to have the conviction imposed by the State of Maryland in 1997 vacated and set aside. (Id. at 1.) Petitioner asserts that his § 2241 petition does not challenge his federal conviction, but he "is actually complaining about a sentence enhancement." (Id. at 9.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254



Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct

Page 4 of 10

PJG

the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

A statutory framework for federal post-conviction relief from judgments of conviction is established by 28 U.S.C. §§ 2254, 2255, and 2241. Generally, a prisoner in custody under a state court judgment may collaterally attack a conviction under § 2254, and a federal sentence is subject to collateral attack under § 2255. Petitioner, however, files his habeas petition challenging the state court conviction used to enhance his federal sentence, pursuant to § 2241.

The United States Supreme Court has addressed the issue of collateral challenges to prior state convictions used to enhance a federal sentence. In the context of a § 2254 habeas petition attacking a state conviction used to enhance a federal sentence, the Supreme Court held, as follows:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001).[3] Petitioner is aware of the holding in Lackawanna, because the sentencing court discussed the Supreme

---

[3] Although the Lackawanna Court noted that failure to appoint counsel in violation of the Sixth Amendment was a narrow exception, Petitioner's collateral attack is based on ineffective assistance of counsel, not failure to appoint counsel. Lackawanna Cnty. Dist. Attorney, 532 U.S. at 404.



Court's decision in its order denying Petitioner's § 2254 petition. Similarly, the Supreme Court, in the context of a motion under § 2255 attacking a state conviction used to enhance a federal sentence, held, as follows:

> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

Daniels v. United States, 532 U.S. 374, 382 (2001).[4] Based on the reasoning of Lackwanna and Daniels, Petitioner's state court conviction is conclusively valid because it was unsuccessfully challenged in its own right, and thus is not subject to collateral attack under § 2241.

Petitioner contends that Custis v. United States, 511 U.S. 485 (1994), and the Fourteenth Amendment, "grants the defendant the right to challenge prior convictions or bad acts that have been used to aggravate or enhance a subsequent sentence that the defendant is now under service or restriction of." (ECF No. 1 at 2.) Although not able to directly challenge the predicate state court conviction in a motion under § 2255, the Supreme Court instructs that if a defendant "is successful in attacking [his] state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." Custis v. United States, 511 U.S. at 497. The Supreme Court explains that "[o]ur system affords a defendant convicted in state court numerous opportunities to

---

[4] The Supreme Court acknowledged that a Sixth Amendment violation in failing to appoint counsel could be a narrow exception to a collateral challenge. Daniels, 532 U.S. at 382. Petitioner's § 2241 collateral attack does not fall within this exception because his claim is based on ineffective assistance of counsel rather than failure to appoint counsel.

PJG

challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254." Daniels, 532 U.S. at 381 (citations omitted). Only after a petitioner is successful in vacating a state court conviction through one of these available avenues, may he then apply under § 2255 to reopen his federal sentence enhanced by the vacated state sentence. Johnson v. United States, 544 U.S. 295, 310 (2005) (a defendant must act diligently from the date the district court enters judgment in the federal case to obtain the state-court order vacating the predicate conviction). Petitioner in this case has not successfully challenged the underlying state conviction used to enhance his federal sentence and, in fact, his attempt to vacate his 1997 state conviction through a writ of *coram nobis* was denied by the state court, and his subsequent § 2254 petition was denied by the district court. See Jones v. Maryland, 8:11-cv-1107-AW (D.Md. April 27, 2011). However, even if Petitioner had been successful in vacating his state court conviction, he must then challenge his federal sentence in the sentencing court through a § 2255 motion, not in a collateral attack under 28 U.S.C. § 2241. Johnson, 544 U.S. at 310; United States v. Pettiford, 612 F.3d 270 (4th Cir. 2010) (context of § 2255 motion to vacate based on vacated state court convictions previously used to enhance challenged federal sentence).

The Petition claims "petitioner is factually innocence [*sic*] of the conviction used for the express purpose of enhancement," and states that "Petitioner avers that the gateway through which the district court is authorized to review his claim is Schlup v. Delo, 513 U.S. 298, 315, 115 S.Ct. 851." (ECF No. 1 at 9). Petitioner argues procedural innocence, as in Schlup, with his constitutional claim based on his counsel's ineffectiveness resulting in



denial of constitutional protections, rather than innocence of the charged crime. See Schlup v. Delo, 513 U.S. 298, 314 (1995). Petitioner does not claim that he did not actually commit the crime to which he pled guilty and therefore is factually innocent of the crime. The Fourth Circuit holds that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." Pettiford, 612 F.3d at 284. Petitioner has not demonstrated actual innocence, which could excuse procedural default to allow for collateral review.

Petitioner states that he "is actually complaining about a sentence enhancement." (ECF No. 1 at 9.) In as much as Petitioner's § 2241 habeas petition can be construed as challenging his federal sentence enhanced by the state court conviction, his post-conviction remedy is confined by the § 2255 savings clause. 28 U.S.C. § 2255(e). Only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention," is a petition under § 2241 available for a federal prisoner to collaterally attack his sentence. Id. To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The Petition does not satisfy the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to

Page 8 of 10

PJG

be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34). Petitioner does not invoke the savings clause of § 2255 that could allow his petition attacking his federal sentence, enhanced by a state conviction, to be considered under § 2241. Petitioner does not raise a claim that may be considered under § 2241, so his petition should be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the petition in this matter be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 11, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).